**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

HATTIE PORTER,

        Plaintiff,

vs.                                        Case No. 3:09-cv-285-J-32MCR

DUVAL COUNTY SCHOOL BOARD, et. al.,

        Defendants.

## ORDER

This is a civil rights case brought by a pro se parent against the School Board, arising primarily out of the alleged inappropriate touching of the parent's six year old daughter by a seven year old boy on a school bus. Before the Court are Defendants' Motion To Dismiss Amended Complaint (Doc. 20); Plaintiffs' [sic] Amended Motion For A Summary Judgment (Doc. 30); plaintiff's Motion To Request A Ruling On Summary Judgment (Doc. 31); plaintiff's Amended Motion To Sanction Defendants [sic] Counsel (Doc. 34), and responses and related filings. (Docs. 35, 36, 39.)

**I.    Background**

    **A.    Procedural Posture**

Plaintiff Hattie Porter ("Porter") originally filed suit in state court on February 25, 2009 against the Duval County School Board ("School Board") and various individual school employees[1] in their "individual capacities." Porter set forth a litany of complaints about her

---

    [1] The named individual co-defendants are principal "Denise Robinson," vice principal "Valerie Stansfield," Debbie Menard and Detective Charles Wilson. Plaintiff states that her

daughter's school, including that her daughter had been "sexually harassed" by "a little boy," and that Porter was "harassed" and "discriminated against" after she approached school officials about the alleged incident. Porter alleged her rights under the "article 9" of the Florida Constitution (presumably Fla. Const. art. 1, § 9 (due process)) and the Due Process Clause of the Fourteenth Amendment of the United States Constitution had been violated. (Doc. 2.)

Defendants removed the case to federal court (Doc. 1), the Court denied remand and granted defendants' motion for a more definite statement. (Docs. 16, 17.) The Court directed Porter to file an amended complaint which met the pleading provisions of the Federal Rules of Civil Procedure. (Doc. 17 at 1-2.) The Court advised plaintiff that the amended complaint "should be self-contained and not incorporate or refer back to the original complaint, [and] must contain facts and allegations that adhere" to the requirements of the rules of procedure, including indicating what causes of action are being asserted against each defendant, and stating her claims in numbered paragraphs. (Id.)

Porter filed an amended complaint against the School Board "etal," presumably referring to the same individual defendants. (Doc. 18.)[2] The amended complaint contains two counts. In Count One, Porter alleged that the "[s]chool officials" denied her due process by their "refusal to address the matter" of the alleged "sexual harassment" of her daughter

---

Amended Complaint "include[s] the correct names for defendants, Denise Robertson and Lynne Stanfield." (Doc. 30 at 1.)

[2] Subsequent pleadings by both plaintiff and defendants list as defendants: Duval County School Board, and Denise Robertson, Valerie Stanfield, Debbie Menard and Charles Wilson, "each in their individual capacity." (See e.g. Doc. 20 at 1.)

2

by another student. In Count Two, Porter alleged that "[s]chool officials denied Plaintiff access to the [school] premises," in violation of her right to due process under the Florida Constitution, art. 1 § 9, and unspecified rights contained in the Fourteenth Amendment of the United States Constitution. Porter appended 12 exhibits to her amended complaint. (Doc. 18.)

Defendants filed a motion to dismiss, arguing 1) that the amended complaint should be dismissed for failing to meet pleading standards; 2) that the allegations of the complaint fail to state a claim upon which relief may be granted, citing to exhibits appended to the amended complaint; 3) that the claims should be dismissed as to the School Board for failure to provide prior notice of the claim to the State as required by Fla. Stat. § 768.28; and 4) that the claims were time-barred. (Doc. 20.)

Porter never responded specifically to defendants' motion to dismiss, but instead, filed a motion for summary judgment, appending nine more exhibits (Doc. 30) and an affidavit. (Doc. 36.) Defendants responded, arguing that their motion to dismiss is properly before the Court.[3] (Doc. 35 at 4.) Inasmuch as the motion for summary judgment is clearly premature, particularly where defendants' motion to dismiss raises possible jurisdictional issues, the Court construes Porter's motion for summary judgment as a response to defendants' motion to dismiss, and does not consider the exhibits to plaintiff's motion. See Adamson v. McDonough, 259 F. App'x 206, 208 n.4 (11th Cir. 2007); Am. Postal Workers Union, AFL-CIO v. U.S. Postal Serv., 823 F.2d 466, 478 (11th Cir. 1987)("[m]erely applying the label

---

[3]  Defendants also responded to Porter's motion for sanctions, which will be addressed infra.

'motion for summary judgment' to a pleading does not make it one"); Currie v. I.R.S. Comm'r, No. CIVA1:03CV3406WBH, 2005 WL 1155146, at *5 (N.D. Ga. March 31, 2005).

### B. Standard of Review

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in the complaint as true, construing the allegations and drawing all reasonable inferences in the light most favorable to the plaintiff. Castro v. Sec'y of Homeland Sec., 472 F.3d 1334, 1336 (11th Cir. 2006); Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007). Normally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (internal citations and quotations omitted). As a result, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

Because plaintiff is proceeding pro se, her pleadings are held to a less stringent standard than pleadings drafted by an attorney, and will be liberally construed. Koger v. Florida, 130 F. App'x 327, 332 (11th Cir. 2005) (citing Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998)). However, even with pro se litigants, "'conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will

4

not prevent dismissal'" under Rule 12(b)(6). Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1246 (11th Cir. 2005)(citation omitted); see also Sarver v. Jackson, 344 F. App'x 526, 527 n.2 (11th Cir. 2009).

On a motion to dismiss, the Court's consideration is limited to those facts contained in the complaint and the attached exhibits. Griffin Inds., Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007). Under Fed. R. Civ. P. 10(c), "attachments are considered part of the pleading for all purposes, including a Rule 12(b)(6) motion." Solis-Ramirez v. U.S. Dep't of Justice, 758 F.2d 1426, 1430 (11th Cir. 1985); see also Fed. R. Civ. P. 10(c)(the exhibits are part of the pleading "for all purposes"). "When the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Inds., 496 F.3d at 1206.

### C. The Amended Complaint

Porter's amended complaint and exhibits allege the following. During the third week of September 2007, plaintiff's daughter "M",[4] was riding the school bus and "T", another child on the bus, touched her private parts ["over her clothes"]. M. Said No. . . . Incident reported to school and then the last week of September, the same thing happened again. T. again touched M.'s private parts," though T denied "doing anything to M." (Doc. 18 at 5-6 (Florida Department of Children and Families ("DCF") "Assessment Summary (AS) Child on Child Assessment")(attached as an exhibit to the amended complaint); see also id. at 4 (First Coast Pediatrics Progress Notes ("M. told her Mom that she was touched on her privates

---

[4]  The juveniles involved will be referred to by their initials.

5

(clothes on) by a boy . . . on the school bus").)  M. is age 6, and T. is age 7.  (Id. at 5.)[5]  M. reported the incident to her mother "right away."  The DCF investigator, in the assessment report dated October 4, 2007, concluded "[n]o needed services at this time.  It appears this was a one time incident. . . School personnel have addressed the concern and now keep the children apart at the bus stop."  (Id. at 6.)  The assessment report also contains the entry: "Mother of M. advised that M. has not demonstrated any behaviors of concern and as such no need for counseling. . . School has separated children at the bus stop and on bus.  No need for services at this time."  (Id.)

Porter alleged that M.'s elementary school vice principal Stanfield, "held a meeting. . . with regard to the first incident" and "refused to invoke any disciplinary actions . . . ."  (Id. at 1 (Am. Compl. ¶ 7).))  "The principal, Ms. Debbie Menard who was notified when the second incident of sexual harassment occurred talked about special seating arrangements for the students on the bus, however no disciplinary actions were invoked for T.'s conduct."  (Id. ¶¶ 8, 9 (citing School Board policy that "[c]ommission of a class III offense on the school bus will result in the suspension of bus privileges for a minimum of twenty school days").)  Subsequently, according to a "Walk-In Complaint Form" for the State Attorney's Office, the Jacksonville Sheriff's Office declined to bring any charges, explaining to Porter "that criminal charges could not be brought against a 5 year old. . . [Porter] is frustrated that there are no consequences for this incident."  (Id. ¶ 11; Doc. 18 at 16-17.)  Porter alleges in Count I that "School officials denied Plaintiff due process" based on "school officials [sic] refusal to

---

[5] Other exhibits indicate that both children, M. and T. were age 5 at the time of the incident.  (Doc. 18 at 4, 17.)

address the matter." (Am. Compl. ¶ 10; see also Doc. 18 at 14.)

In Count II, Porter alleges that "[s]chool officials denied Plaintiff access to the premises" of her daughter's school; that a letter limiting Porter's presence on the school grounds "is false and malicious;" and that she has been subjected to a "hostile environment when school officials became aware that I had initiated a complaint against them." Porter alleges that she was "denied any rights to speak with the principal and further denied access to the premises" and that "Detective Charles Wilson was abusive as he yelled and pointed his hands in my face in the presence of my child and insisted that I leave the premises." (Am. Compl. ¶¶ 12,13.) Porter attaches as an exhibit a letter dated February 18, 2009 from Denise Robertson, principal of her daughter's school at that time, "to establish procedures for all future visits to this school." (Doc. 18 at 18.) Referring to Porter's "recent disruptive behavior," Robertson wrote to Porter that

> . . . [Y]ou are not to visit any area of this school except to transport your child to and from school but you must remain in your vehicle.
>
> If you wish to conference with your child's teacher or our staff, you must make arrangements in advance by contacting the Principal or their designee.
>
> If you wish to attend any school-sponsored activity during or after school hours, you must contact the Principal or their designee to review your request.
>
> If you violate these procedures, you will be subject to arrest for "Trespassing on Public School Property" (Florida Statute 810.097).

(Id.)[6]  Porter alleges in Count II that her rights under the Fourteenth Amendment of the Constitution and her right to due process under the Florida Constitution were violated. (Id. at 2.)

Though not specified in her amended complaint, Porter's claims are apparently brought pursuant to 42. U.S.C. § 1983. (See Docs. 30 at 3, 7; 31 at 1.) She seeks $3 million in damages "for intentional infliction of emotional distress, constitutional tort damages, mental pain and suffering and punitive damages," and requests "a permanent injunction to prohibit any school board official and any public school employee from ever harassing me again." (Doc. 18 at 2.)[7]

**III.   Discussion**

To establish a claim under 42 U.S.C. § 1983, Porter must allege and ultimately prove that (1) the defendants deprived her of a right secured under the United States Constitution or federal law, and that (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d

---

[6]   Also attached to the amended complaint as an exhibit is an "Observation Pass" dated May 12, 2008, which is after the alleged touching incident on the school bus, which reports that Porter observed a classroom for an hour. (Doc. 18 at 20.)

[7]   In her "motion for summary judgment," Plaintiff refers to additional allegations of "harassment" by school officials and exhibits that were not included in her amended complaint. (Doc. 30 at 2-4.) These allegations are not properly before the Court in considering defendants' motion to dismiss Porter's amended complaint. Nor may Porter refer to her original complaint. (See Doc. 30 at 10.) An amended complaint supercedes the original complaint, and the only issues before the Court are the ones raised in the text of the amended document. Fritz v. Standard Sec. Life Ins. Co. of N.Y., 676 F.2d 1356, 1358 (11th Cir. 1982); Smith v. Polk County, Fla., No. 8:05-cv-873-T-30MSS, 2005 WL 2129189, at * 1 (M.D. Fla. Sept. 2, 2005).

8

1275, 1288 (11th Cir. 2001). A person bringing suit pursuant to 42 U.S.C. § 1983 must allege an underlying constitutional or statutory right that the entity or official acting under color of state law has violated. In addition, plaintiff must allege and establish an affirmative causal connection between the defendants' conduct and the constitutional deprivation. Troupe v. Sarasota County, Fla., 419 F.3d 1160, 1165 (11th Cir. 2005); Marsh v. Butler County, Ala., 268 F.3d 1014, 1059 (11th Cir. 2001). Thus, the initial question in a § 1983 action is whether the plaintiff has alleged a deprivation of a constitutional right. See County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998)("[a]s in any action under § 1983, the first step is to identify the exact contours of the underlying right said to have been violated").

### A. Count One: School Officials' Response to Allegations of Improper Sexual Contact

Porter alleges that her right to due process was violated by the school officials' alleged "refusal to address the matter." She brings her claim on behalf of herself, not her daughter.[8]

The Due Process Clause of the Fourteenth Amendment protects the people from arbitrary deprivation of life, liberty, and property without due process of law. DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 196 (1993). To succeed on a § 1983

---

[8] The Court notes that Porter's § 1983 claim must be based upon a violation of Porter's personal rights, and not the rights of her daughter. Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990); Hall v. Neal, No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *2 n.5 (M.D. Fla. Feb. 27, 2006). Thus, regardless of what happened to plaintiff's daughter, this case turns upon whether plaintiff personally suffered any deprivation of a constitution right possessed by her personally. However, even assuming Count One is brought on behalf of Porter's daughter, it still fails to state a violation of a constitutional right for the reasons set forth.

claim based on a violation of the Due Process Clause, Porter must establish that a state actor acting under color of state law deprived her of rights secured by the Due Process Clause.

Under federal law, school children are not in a custodial relationship with the state, even when the state mandates school attendance. Nix v. Franklin County School Dist., 311 F.3d 1373, 1378 (11th Cir. 2002); Wyke v. Polk County School Bd., 129 F.3d 560, 569 (11th Cir. 1997). "[P]ublic schools generally do not have the requisite level of control over children to give rise to a constitutional duty to protect them from third-party actors." Worthington v. Elmore County Bd. of Educ., 160 F. App'x 877, 881 (11th Cir. 2005)(citing Vernonia School Dist. 47J v. Acton, 515 U.S. 646, 654 (1995) and Wyke, 129 F.3d at 569). For instance, in Worthington, the court held that the school district did not have a "special relationship" with a disabled child who was sexually assaulted by another student on a special education school bus giving rise to a constitutional duty to protect the child from third parties. Worthington, 160 F. App'x at 881. Porter has failed to establish that defendants in any way violated her or her daughter's Due Process rights based upon the alleged inappropriate touching on the school bus. See Worthington, 160 F. App'x at 880-83; Wyke, 129 F.3d at 569-71; L.B. v. Bullock County Bd. of Educ., No. 2:07cv681-WHA, 2009 WL 248070, at *3 (M.D. Ala. Feb. 2, 2009); Jordan v. Randolph County Schools, No. 4:08-CV-131 (CDL), 2009 WL 1410082, at *6 (M.D. Ga. May 19, 2009); Fisher v. Dodge, No. 06-0724-CG-C, 2008 WL 450371, at *4-5 (S.D. Ala.. Feb. 14, 2008); Walton v. Montgomery County School Bd. of Educ., 371 F.Supp.2d 1318, 1323-24 (M.D. Ala. 2005).

Alternatively, construing Count One as a claim by Porter that her (or her daughter's)

Due Process rights were violated because T. was not disciplined, (see Am. Compl. ¶¶ 9, 10; Doc. 18 at 17), the claim likewise fails. There is no federal constitutional right to have someone investigated or prosecuted for alleged wrongdoing. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

### 1. School Board Liability

Even assuming a violation of a constitutional right, Porter fails to state a claim against the School Board. Under § 1983, governmental entities such as the School Board may not be held liable under a theory of *respondeat superior*, but instead may only be held liable for the execution of a governmental policy or custom. Sauls v. Pierce County School Dist., 399 F.3d 1279, 1287 (11th Cir. 2005); Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003)(citing Monell v. Dep't of Soc. Serv., 436 U.S. 658 (1978)). Plaintiff must identify the government policy or custom which caused her injury, Sauls, 399 F.3d at 1287; Davis v. DeKalb County School Dist., 233 F.3d 1367, 1375 (11th Cir. 2000), and must allege that the policy or custom was the moving force of the constitutional violation. Worthington, 160 F. App'x at 880; Cuesta v. School Bd. of Miami-Dade County, Fla., 285 F.3d 962, 967-68 (11th Cir. 2002). "'A policy is a decision that is officially adopted by the municipality,[9] or created by an official of such rank that he or she could be said to be acting on behalf of the municipality . . . . A custom is a practice that is so settled and permanent that it takes on the force of law.'" Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005)(citation omitted). "Even in the absence of an express policy or custom, a local government body can be held

---

[9] The same principles governing municipal liability govern the liability of local school boards. E.g. Cuesta, 285 F.3d at 966.

liable 'for a single act or decision of a municipal official with the final policymaking authority in the area of the act or decision.'" Cuesta, 285 F.3d at 968 (quoting McMillian v. Johnson, 88 F.3d 1573, 1577 (11th Cir. 1996)). Additionally, there are "limited circumstances" in which a failure to train or supervise can be the basis for liability under § 1983. See City of Canton, Ohio v. Harris, 489 U.S. 378, 387 (1989). These "limited circumstances" occur only where (1) the government entity inadequately trains or supervises its employees, (2) this failure to adequately train or supervise is the policy of the governmental entity, and (3) the policy causes its employees to violate a citizen's constitutional rights. Id. at 389-91; see also Gold v. City of Miami, 151 F.3d 1346, 1350 (11th Cir. 1998). "'[A] plaintiff must show that the municipal action was taken with 'deliberate indifference' to its known or obvious consequences.'" Worthington, 160 F. App'x at 880-81 (quoting Davis, 233 F.3d at 1375-76) (internal quotation marks and emphasis omitted).

Even assuming the School Board was obligated under the Fourteenth Amendment to protect M. while on the school bus or to take further action, Porter makes no allegation which could support a finding that the School Board was deliberately indifferent to M.'s constitutional rights. She does not allege any facts to support a conclusion that the School Board had a longstanding practice or custom to avoid or ignore complaints and incidents of student-on-student sexual harassment, nor are there any facts alleged that the School Board failed to adequately train its personnel in the prevention of sexual abuse, identification of sexual abusers, or investigation and inquiry; that the inadequate training practices was the School Board's policy, practice and custom; and that these acts or omissions caused a violation of Porter's rights under the Constitution which cause her injury. Porter has failed

to allege any facts establishing how the School Board was a "moving force" behind the alleged harassment, or that the alleged harassment was a "known or obvious consequence" of the School Board's policies or customs. See Worthington, 160 F. App'x at 881-82; see also Plamp v. Mitchell School Dist. No. 17-2, 565 F.3d 450, 459-61 (8th Cir. 2009); cf. Fitzgerald v. Barnstable School Comm., 504 F.3d 165, 173-75 (1st Cir. 2007)(no violation of Title IX), rev'd on other grounds, 129 S.Ct. 788 (2009). "'[A] school board is not deliberately indifferent simply because the measures it takes are ultimately ineffective . . . .'" Worthington, 160 F. App'x at 883 (quoting Sauls, 399 F.3d at 1285; school district not liable under § 1983 because no evidence that district had a custom of responding to teacher-on-student sexual harassment with deliberate indifference)).

### 2. Individuals' Liability

While Porter does not specifically designate which of the four individuals named as defendants are subject to the allegations of Count One, only defendants Stanfield as vice principal, and Menard as principal, are mentioned with regard to Porter's Count One allegations. Porter accuses Menard and Stanfield of violating her right to Due Process by failing to further act on her complaint that her daughter was improperly touched on the school bus, and by not disciplining T. Specifically, Porter alleged that Stanfield "held a meeting" with regard to the first alleged incident and "refused to invoke any disciplinary action," namely suspending T. from the school bus, and Menard, who was informed after the alleged second incident "talked about special seating arrangements for the students in the bus" but did not implement any "disciplinary actions" against T. (Am. Compl. ¶¶ 7, 8, 9.)

As set forth above, Porter in Count One has not alleged a deprivation of a

constitutional right. Thus, Stanfield and Menard cannot be held personally liable under § 1983. See L.B. v. Bullock County Bd. of Ed., 2009 WL 248070, at *4.[10]

### B.   Count Two: Alleged Denial of Access To Premises

In Count Two, Porter alleges that her Fourteenth Amendment right to Due Process and to Equal Protection were violated by defendants[11] because she was "denied access to the [school] premises." (Am. Compl. ¶¶ 12-15.)[12] First, this claim is belied and defeated by the allegations of the complaint and its attachments. Porter was never denied access to the campus of her daughter's school. Indeed, Porter was permitted access to the school to transport her child to and from school, and to attend teacher conferences and school-sponsored activities after making arrangements with the school principal or designee. (Doc. 18 at 18.) Porter was still able to oversee her daughter's education and have access to the school. (Id. at 20.)

Parents have no constitutional right to be on school premises. See Lovern v. Edwards, 190 F.3d 648, 656 (4th Cir. 1999). "School officials have the authority to control

---

[10]   The School Board, in its motion to dismiss, inexplicably did not raise the defense of qualified immunity on behalf of the individual defendants. (Doc. 20.) See Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002). However, based upon the allegations of Porter's amended complaint construed in her favor, the individual defendants in their individual capacities would be entitled to qualified immunity because no constitutional violation occurred. See Pearson v. Callahan, 129 S.Ct. 808, 818 (2009); Griffin Inds., 496 F.3d at 1200.

[11]   The only individual defendants implicated by Count Two and accompanying exhibits are principal Denise Robertson and Officer Charles Wilson. (See Am. Compl. § 13; Doc. 18 at 18.)

[12]   In her memorandum, Porter contends that the alleged mistreatment by Officer Wilson violated her right to Due Process and Equal Protection. (Doc. 30 at 5-6.)

students and personnel on school property, and also have the authority and responsibility for assuring that parents and third parties conduct themselves appropriately while on school property." Lovern, 190 F.3d at 655. "A school administration's authority to control activities on school property includes preventing parents access to the premises when necessary to maintain order and prevent disruptions to the educational environment." Madrid v. Anthony, 510 F. Supp.2d 425 (S.D. Tex. 2007). Thus, neither the Due Process Clause nor the Equal Protection Clause create for Porter a parental right of unfettered access to school property or facilities. See e.g. Cole v. Montague Bd. of Educ., 145 F. App'x 760, 762-63 (3d Cir. 2005)(school board did not violate due process by banning plaintiffs from school property without a hearing); Mitchell v. Beaumont Indep. School Dist., No. 1:05-CV-195, 2006 WL 2092585, at *10 (E.D. Tex. July 25, 2006); Buckley v. Garland Indep. School Dist., No. 3:04-CV-1321-P, 2005 WL 2041964, at *2 (N.D. Tex. Aug. 23, 2005).[13] By not alleging an underlying violation of a constitutional right, Porter's Count Two § 1983 claim alleging an unconstitutional denial of access to the school premises is due to be dismissed for failure to state a claim.

Additionally, to state a § 1983 claim for violation of the Equal Protection Clause, plaintiff must show that defendants acted with intent or purpose to discriminate against her based on her membership in a constitutionally protected class, or, as a "class of one," that she was intentionally treated differently from others similarly situated with no rational basis

---

[13] Even taking as true - as the Court must - Porter's allegation that she was not disruptive on school grounds, (Am. Compl. ¶ 12), this fact does not create for Porter a constitutional right to unfettered access to her daughter's school.

15

for the difference in treatment. Lieb v. Hillsborough County Public Transp. Comm'n, 558 F.3d 1301, 1305-07 (11th Cir. 2009); Griffin Inds., 496 F.3d at 1200-01 (citing Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)). Porter was told that her access to her daughter's school must comply with special procedures because she was allegedly disruptive during a previous visit. This does not qualify Porter as a member of a class protected by the Equal Protection Clause. Further, she fails to allege any facts demonstrating that she was treated any differently than similarly situated persons in an unprotected class. Finally, the school principal's citation to Porter's "recent disruptive behavior" (Doc. 18 at 18), even if proven to be incorrect, establishes a rational basis for her requirement that Porter follow the procedures specified before coming onto the school premises.

Finally, to the extent that Porter is attempting to state a First Amendment retaliation claim, cf. Ratcliff v. DeKalb County, Ga., 62 F.3d 338, 340 (11th Cir. 1995)("no clearly established right exists under the equal protection clause to be free from retaliation" (emphasis omitted)), any such claim fails where she merely alleges she voiced complaints to school officials about the alleged incidents on the school bus involving her child, not that she engaged in any speech on a matter of public concern. See D'Angelo v. School Bd. of Polk County, Fla., 497 F.3d 1203, 1209 (11th Cir. 2007); Walton, 371 F. Supp.2d at 1322; see also Landstrom v. Ill. Dep't of Children & Family Servs., 892 F.2d 670, 680 (7th Cir. 1990)(parental complaints about the questioning of their children by school officials in a child abuse investigation did not involve matters of public concern); Rodgers v. Duncanville Indep. School Dist., No. 3-04-CV-0365-D, 2005 WL 770712, at *3 (N.D. Tex. April 5, 2005)(parent's

complaints to school officials about treatment of his son were not a matter of public concern giving rise to a First Amendment claim for retaliation), rec. adopted, 2005 WL 991287 (N.D. Tex. April 25, 2005). Second, Porter has failed to allege any facts, beyond conclusory assertions, establishing any causal connection between the February 2009 implementation of procedures governing visits to her daughter's school and her September through December 2007 complaints about the alleged incidents on her daughter's school bus.[14]

---

[14] The School Board's attorney, citing Fla. Stat. § 768.28(6), contends that Porter's failure to notify the Florida Department of Financial Services prior to filing suit against the School Board is fatal to her complaint. (Doc. 20 at 6-7.) Section 768.28(6)(a) is not applicable to Porter's § 1983 claims. "Exhaustion of state administrative remedies is not a prerequisite to bringing a section 1983 action." Majette v. O'Connor, 811 F.2d 1416, 1418 (11th Cir. 1987)(finding that Fla. Stat. § 768.28(6) was inapplicable to an action brought under section 1983); see also Freeman v. Salopek, No. 2:06-cv-496-FtM-34SPC, 2008 WL 743952 at *2 (M.D. Fla. March 19, 2008). Second, as to any state law claims asserted by plaintiff, Porter may meet her burden under section 768.28(6) if the initial noncompliance with the section is cured before trial. Hattaway v. McMillian, 903 F.2d 1440, 1445-48 & n.12 (11th Cir. 1990); Rumler v. Dep't of Corrections, 546 F. Supp.2d 1334, 1344-46 (M.D. Fla. 2008). Farabee v. Rider, 995 F. Supp. 1398, 1404 (M.D. Fla. 1998). Alternatively, Porter's amended complaint could be dismissed without prejudice with leave to amend in order to allow the plaintiff to comply with the notice requirement. Rumler, 546 F. Supp.2d at 1344-46; cf. Graham v. Medtronic, Inc., No. 6:06-cv-948-Orl-19JGG, 2006 WL 4764431, at *4 (M.D. Fla. Oct. 4, 2006)("the failure to satisfy the requirements of the statute is 'neither jurisdictional nor an essential element of the cause of action,' and thus may be waived by the state agency . . . or cured before trial")(citations omitted). Finally, the condition precedent requirement does not apply to Porter's claims brought against the individual defendants. Defendants' argument regarding satisfaction of a state statutory condition precedent is without merit. Inasmuch as the Court declines supplemental jurisdiction over Porter's state law claim, Porter's ability to cure is not at issue here.

Second, counsel for the School Board argues that Porter's claims relating to alleged events that occurred in 2007 "are time-barred under the Statute." (Doc. 20 at 7.) The School Board cites as support for its argument a 1962 Florida case, Lanzner v. City of North Miami Beach, 141 So.2d 626 (Fla. 3d DCA 1962), in which the court found actions in tort against a city must be brought within twelve months from the date of injury. In reaching this conclusion, the Lazner court cited Fla. Stat. § 95.24 (1962), which was repealed in 1974. See Fla. Stat. Ann. § 95.24 (2010).

17

**IV.     Supplemental Jurisdiction**

The Court exercises its discretion to deny supplemental jurisdiction over plaintiff's Florida Constitution due process claim inasmuch as all federal claims are due to be dismissed. 28 U.S.C. § 1367(c)(3); see also Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004).  Porter's state law claim is due to be dismissed without prejudice to her refiling it in state court..

**V.     Plaintiff's Motion for Sanctions**

Porter has moved for sanctions against the School Board's counsel pursuant to Rule 11, Federal Rules of Civil Procedure. (Doc. 34.) Porter contends that counsel for School Board misspoke when he stated in his response in opposition to Porter's motion to remand that defendants Robertson and Stanfield had not been served as of May 7, 2009 (id. at 2) and that counsel should be sanctioned for arguing that Porter ignored the Court's instructions with regard to pleading a sufficient complaint. (Id. at 3.)

Plaintiff has failed to plead that she complied with the procedural "safe harbor"

---

"Because section 1983 does not contain a statute of limitations, reference must be made to the limitation periods prescribed by the state in which the litigation arose." Majette, 811 F.2d at 1419. "[T]he most appropriate statute of limitations for all section 1983 actions is the personal injury statute of limitations of the state whose law is to be applied." Id. Because the Florida statute of limitations for personal injury cases is four years, the applicable statute of limitations in this case is also four years. See Fla. Stat. § 95.11; see also McNair v. Allen, 515 F.3d 1168, 1173 (11th Cir.)("[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought"), cert. denied, 128 S.Ct. (2008). The School Board's statute of limitations argument is wholly without merit. In the future, counsel for the School Board should be much more careful in asserting defenses that are demonstrably unmeritorious. See Rules 4-2.1, 4-3.3(1), Rules Regulating the Florida Bar, Rules of Professional Conduct.

18

requirements of Rule 11, requiring that a motion for sanctions be served but not filed with the Court unless the challenged paper or claim is not withdrawn or corrected within 21 days after service. For this reason alone, the motion is due to be denied. Fed. R. Civ. P. 11(c)(2); see also Macort v. Prem, Inc., 208 F. App'x 781, 786 (11th Cir. 2006); Barefield v. Rob Noojin Roofing, Inc., No. 8:07-cv-1610-T-27TBM, 2009 WL 51278, at *3 (M.D. Fla. Jan. 7, 2009). In any event, the motion is without merit.

## Conclusion

This is a dispute between a parent and her daughter's school. It does not give rise to a constitutional claim or a federal lawsuit. Federal courts are not the appropriate forum for resolving daily conflicts arising from the operation of a school. See Epperson v. Arkansas, 393 U.S. 97, 104 (1968)(holding that public education is committed to state and local authorities and courts cannot interfere in daily operations unless a basic constitutional right is "directly and sharply" implicated). It is hereby

**ORDERED**:

1. Defendants' Motion To Dismiss Amended Complaint (Doc. 20) is **GRANTED**.

2. Plaintiffs' Amended Motion For A Summary Judgment (Doc. 30), which the Court has converted to a response to the motion to dismiss, is **DENIED**.

3. Plaintiff's Motion To Request A Ruling On Summary Judgment (Doc. 31) is **TERMINATED AS MOOT**.

4. Plaintiff's Amended Motion To Sanction Defendants Counsel (Doc. 34) is **DENIED**.

5. Plaintiff's federal claims brought pursuant to 42 U.S.C. § 1983 in Counts One and Two of the Amended Complaint (Doc. 18) are **DISMISSED WITH PREJUDICE** as to all defendants.

6. Plaintiff's state law claim, brought pursuant to Fla. Const. art. I, § 9, is **DISMISSED WITHOUT PREJUDICE**.

7. The Clerk shall close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of March, 2010.

*[Signature]*
TIMOTHY J. CORRIGAN
United States District Judge

jl.
Copies to:

Unrepresented party
Counsel of Record